David J. Jordan (#1751)
   Email: djordan@foley.com
David L. Mortensen (#8242)
   Email: dmortensen@foley.com
Tyler A. Dever (#15584)
   Email: tdever@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEGEUS TECHNOLOGIES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DIGICERT, INC., a Utah corporation,<br><br>Defendant. | **(PROPOSED) ORDER GRANTING ALEGEUS TECHNOLOGIES, LLC'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Civil No. 2:24-cv-00534-HCN<br><br>The Honorable Howard C. Nielson, Jr. |

This matter comes before the Court on Alegeus Technologies, LLC's ("Alegeus") *Ex Parte* Motion for Temporary Restraining Order ("Motion"). Having reviewed the Motion, Alegeus' Verified Complaint and the exhibits submitted therewith, and good cause appearing therefor, the Court hereby ORDERS as follows:

For the reasons set forth in the Motion, the Court finds that Alegeus has satisfied the elements for a temporary restraining order as set forth in Rule 65 of the Federal Rules of Civil Procedure. Specifically, based on the information presented, the Court finds that:

    1. Alegeus will suffer irreparable harm if the Security Certificates for its seventy-two (72) websites (the "Alegeus Websites") are revoked. Specifically, if the Security Certificates are revoked, it will disrupt Alegeus' business by

   hindering and/or preventing Alegeus' clients and their millions of plan participants from accessing the Alegeus Websites to manage their various healthcare accounts. The Court holds that this disruption and the corresponding damage to its position in the marketplace, loss of goodwill and damage to Alegeus' reputation that it will suffer constitute irreparable harm. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1263 (10th Cir. 2004); *Stainless, LP v. Sappington*, 582 F.3d 1176, 1191-92 (10th Cir. 2009).

2. Alegeus is likely to prevail on the merits of its claims. Pursuant to the Master Services Agreement, Alegeus paid DigiCert, Inc. ("DigiCert") to provide digital security certificates for the Alegeus Websites. Despite that, according to its July 29, 2024 communication, DigiCert stated that it failed to properly ensure that the Security Certificates had the proper Domain Control Verifications. That failure constitutes a breach of the Master Services Agreement and, as set forth above, is likely to cause harm to Alegeus.

3. The threatened injury to Alegeus outweighs any injury DigiCert might suffer under the injunction. Alegeus seeks a short delay in the time it is required to rekey and reissue the Security Certificates with DigiCert's full support. As set forth above, absent that delay, Alegeus will suffer severe and irreparable harm. Conversely, the Court finds that a short delay will cause material harm to Alegeus.

4. The requested injunction is not adverse to the public interest. Specifically, the public has an interest in millions of individuals being able to access and interact with their health savings and similar accounts.

Based on the foregoing, the Court holds the Alegeus has satisfied the requirements for a temporary restraining order.

The Court holds that the Verified Complaint shows that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition. Additionally, Alegeus' attorney has certified in writing the efforts it made to give notice to DigiCert's attorney. Specifically, it sent the material filed with the Court to DigiCert's general counsel and called DigiCert's general counsel after sending the email. In light of these efforts and the risk of immediate and irreparable harm, the Court hereby enters this order without notice to DigiCert and before DigiCert can be heard in opposition.

3

IT IS HEREBY ORDERED that DigiCert is prohibited from revoking the security certificates for the Alegeus Websites for a period of seven (7) days, or until the Court is able to schedule a hearing on the Motion, whichever is earlier.

Alegeus' counsel is ordered to email a copy of this Temporary Restraining Order to DigiCert's general counsel immediately upon its entry by the Court.

This Temporary Restraining Order is entered as of __:__ am/pm on July __, 2024.

IT IS SO ORDERED.

BY THE COURT

_____
Honorable Howard C. Nielson, Jr.

4890-4597-8324.1